**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Zachery Berbig,

       Plaintiff,

              Civ. No. 08-1187 (RHK/JSM)
              **MEMORANDUM OPINION
              AND ORDER**

v.

Sears Roebuck & Company, Inc. and
Electrolux Home Products, Inc.,

       Defendants.

---

Arlo H. Vande Vegte, Arlo H. Vande Vegte, P.A., Long Lake, Minnesota, for Plaintiff.

Frederick W. Bode, III, Dickie, McCamey & Chilcote, P.C., Pittsburgh, Pennsylvania, Jennifer F. Rosemark, Sharon M. Horozaniecki, Jeffrey S. Storms, Flynn, Gaskins & Bennett, LLP, Minneapolis, Minnesota, for Defendants.

---

**INTRODUCTION**

The Plaintiff in this personal-injury action, Zachery Berbig, has sued Sears Roebuck & Company, Inc. ("Sears") and Electrolux Home Products, Inc. ("Electrolux") for injuries he sustained while mowing his lawn on July 13, 2004. Presently before the Court is Berbig's Motion to Remand. For the reasons set forth below, the Court will deny the Motion.

**BACKGROUND**

The relevant facts are not in dispute. Berbig purchased a lawn tractor from a Sears store in Coon Rapids, Minnesota on May 9, 2004; the tractor was manufactured by

Electrolux. On July 13, 2004, Berbig was injured when his right foot slipped under a plastic cover on the mower deck and was crushed by the mower blade.

On January 6, 2005, Berbig (through counsel) sent a notice of claim to Sears pursuant to Minnesota Statutes section 604.04, and estimated his monetary damages to be $500,000.[1] Sears, in turn, forwarded Berbig's notice of claim to Electrolux, which requested more information concerning the accident and Berbig's injuries. On October 10, 2005, Electrolux and Sears denied liability for the accident.

On January 26, 2006, Berbig filed a complaint in the Circuit Court of Cook County, Illinois, alleging negligence and strict-liability claims against Sears and Electrolux. Although complete diversity of citizenship existed[2] and the amount in controversy exceeded the $75,000 threshold for diversity jurisdiction, the action was not removable under the "in-state defendant" rule because Sears's principal place of business was in Illinois. See 28 U.S.C. § 1441(b). However, Sears and Electrolux moved to dismiss the action on the ground of *forum non conveniens*, arguing that Minnesota – where the tractor was purchased, where the accident occurred, and where Berbig resides and received medical treatment – was a more appropriate forum for Berbig's claims. The Circuit Court denied the motion on December 8, 2006, and Sears and Electrolux appealed. On June 26, 2007, the Illinois Appellate Court reversed and remanded the

---

[1] Section 604.04 requires a person injured by the use of a product to submit a notice – listing the time, place and circumstances of the events giving rise to the injury and an estimate of damages – to potential defendants in advance of litigation.

[2] Berbig is a Minnesota resident, Sears is a Delaware corporation with its principal place of business in Illinois, and Electrolux is a Delaware corporation with its principal place of business in Ohio. (Notice of Removal ¶ 4.)

matter to the Circuit Court with instructions to dismiss the case. The Circuit Court did so by Order dated February 26, 2008.

On March 13, 2008, Berbig filed a complaint in Hennepin County District Court alleging the same claims as in the Illinois complaint. Defendants accepted service on April 29, 2008, and removed the case to this Court on April 30, 2008, based on diversity jurisdiction. Berbig now moves to remand.

## ANALYSIS

The crux of Berbig's Motion concerns 28 U.S.C. § 1446(b), which sets certain deadlines for defendants to remove cases to federal court. The statute provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

(emphasis added). Relying on the italicized portion of this statute, Berbig argues that removal was untimely here because it did not occur until April 30, 2008, more than one

3

year after the *Illinois* complaint was filed and served. (Id. at 10-11; Reply at 1-4.)[3] By its very terms, however, the one-year time limit in Section 1446(b) applies only if "the *case stated by the initial pleading* is not removable." (emphasis added). Berbig's argument, therefore, is predicated on an assumption: that the "initial pleading" referred to in Section 1446(b) is the *Illinois* complaint. If that assumption is correct and the "initial pleading" is the Illinois complaint – filed in 2006 – then Defendants failed to effect removal within the one-year time frame set forth in Section 1446(b). If, however, the "initial pleading" contemplated by Section 1446(b) is the *Minnesota* complaint, then Defendants' removal was timely. The dispositive question, therefore, is whether the Illinois complaint or the Minnesota complaint is the "initial pleading" in this case.

The Court determines that the initial pleading in this case must be the Minnesota complaint. To conclude otherwise would mean that the Minnesota action and the Illinois action are one and the same, which is precisely what Berbig argues in his Motion papers. (See, e.g., Reply at 10 ("Plaintiff has not brought a completely 'independent suit' in starting the Minnesota case. . . . [Rather, he] has merely brought the very same piece of litigation to the Minnesota forum that the Illinois court [dismissed].").) Such a conclusion cannot withstand close scrutiny. The Illinois action and the Minnesota action involved different tribunals with different judges, imposed different deadlines to respond, had different case numbers, and required the payment of separate filing fees. Each action was subject to different rules of procedure; a separate summons was served with the

---

[3] Berbig initially argued that Defendants had also violated the 30-day time limit in Section 1446(b), but abandoned that argument in his Reply. (See Reply at 1-2.)

Minnesota complaint, requiring the filing of a separate answer, and Berbig likely would have moved for a default judgment had Defendants not answered that complaint, *even though Defendants had already appeared in the Illinois action*. Finally, the Minnesota complaint was filed only after the Illinois complaint was dismissed by the Illinois Circuit Court. Under these facts, the two actions simply cannot be the same, despite their factual and legal overlap – the Minnesota action was an entirely *new* action. As a result, the Court concludes that the "initial pleading . . . upon which [this] action . . . is based" must be the Minnesota complaint and, accordingly, Defendants' removal was timely.

In arguing that the Minnesota action is simply an extension of the Illinois action, Berbig points out that the latter was dismissed under Illinois Supreme Court Rule 187(c)(2), which provides in pertinent part:

> Dismissal of an action under the doctrine of *forum non conveniens* shall be upon the following conditions: (i) if the plaintiff elects to file the action in another forum within six months of the dismissal order, the defendant shall accept service of process from that court; and (ii) if the statute of limitations has run in the other forum, the defendant shall waive that defense. If the defendant refuses to abide by these conditions, the cause shall be reinstated for further proceedings in the court in which the dismissal was granted.

Because Berbig "elected" to file "the action" in Minnesota in accordance with this rule, he argues that he has not brought an independent lawsuit, but rather has simply continued the Illinois action in a Minnesota court. (See Pl. Mem. at 13-16 (citing First Nat'l Bank v. Turnbull & Co., 83 U.S. 190 (1872)).)

There is some superficial appeal to this argument, but a careful examination of the facts in Turnbull reveals why it fails to pass muster. In Turnbull, a bank had obtained a

5

judgment in Virginia state court against one Abijah Thomas and then levied upon certain personal property it believed Thomas owned. Turnbull & Co. claimed that it, and not Thomas, actually owned the property and moved to intervene in the state-court action in order to determine the property's rightful owner. The state court granted the motion, and Turnbull & Co. then removed the case to federal court. The bank's motion to remand was denied, but on appeal the Supreme Court determined that remand should have been granted. It reasoned that the action to determine ownership of the property "could not have arisen but for the judgment and execution" in the bank's state-court action against Thomas. As a result, Turnbull & Co.'s claim was "auxiliary and incidental" to that action and not a removable, "independent and separate litigation." 83 U.S. at 195.

Turnbull makes clear, therefore, that an action is separate and independent – in other words, removable – unless it "could not have arisen but for" a state-court judgment. Id. at 195. Here, Berbig could have easily commenced this action in Minnesota from the outset, rather than in Illinois.[4] Because the Minnesota action was in no way dependent upon the judgment dismissing the Illinois action, under Turnbull the two actions are independent from one another. Cf. Zahn v. First Union Commercial Corp., No. Civ. A 04-1746, 2004 WL 2195575, at *3 (E.D. La. Sept. 24, 2004) (petition to apportion proceeds of settlement of state-court action not independent, removable claim).[5]

---

[4] Berbig has offered little explanation why he commenced this action in Illinois when all of the relevant acts transpired in Minnesota.

[5] Moreover, the "independent suit" rule stated in Turnbull has been limited to situations in which "the federal court action is essentially a part of the state court action, because of the difficulties and inefficiencies of litigating what is, in essence, one action in two different forums." Bryfogle v. Carvel Corp., 666 F. Supp. 730, 733 (E.D. Pa. 1987). "From a pragmatic viewpoint, it would

Given this case's unique procedural background, it is perhaps not surprising that neither Berbig nor Defendants have cited, and this Court has not found, any cases on all fours with the instant case.  There is, however, at least one decision, with an analogous factual setting, supporting the Court's conclusion here:  <u>Manze v. State Farm Insurance Co.</u>, 817 F.2d 1062 (3rd Cir. 1987); its procedural history is somewhat complex.  There, the plaintiff had suffered injuries in an automobile accident and sought benefits from her insurer, State Farm.  After the parties were unable to reach a settlement, the plaintiff filed a petition in state court seeking, *inter alia*, the appointment of an arbitrator to resolve the dispute.  The state court later dismissed the action as moot because the parties apparently had agreed to arbitration.

State Farm, however, later refused to participate in the arbitration, and the plaintiff then commenced a separate action in state court asserting a bad-faith claim against her insurer.  State Farm removed that action to federal court and then moved to dismiss.  At a subsequent status conference, the court suggested that the plaintiff should voluntarily dismiss her case and proceed in state court, as she had done previously.  The plaintiff followed the court's suggestion and dismissed the federal case; she then filed another petition with the state court – under the same case number as her original state-court petition – to appoint an arbitrator.  State Farm removed that petition to federal court, and the plaintiff moved to remand.  The district court denied the plaintiff's motion, and the

---

be wasteful to have the appendage in federal court when the principal claim is being litigated in state court."  <u>Int'l Org. Masters, Mates & Pilots of Am., Local No. 2 v. Int'l Org. Masters, Mates & Pilots of Am., Inc.</u>, 342 F. Supp. 212, 214 (E.D. Pa. 1972).  No such concern exists here because the Illinois action has been dismissed; there will be no duplication of effort should the instant action proceed here.

plaintiff appealed, arguing that State Farm had violated the 30-day removal deadline in Section 1446(b) because the "initial pleading" was her original petition to appoint an arbitrator and not her later-filed petition seeking the same relief. The Third Circuit rejected that argument, concluding that when the plaintiff had filed her second petition, she had commenced a "new action":

> Even though the petition to appoint a neutral arbitrator was listed under the same number and court term as the original petition to compel arbitration and to appoint an arbitrator, *we emphasize that the Court of Common Pleas dismissed the first petition [as moot] as to State Farm. The [second] petition to appoint a neutral arbitrator accordingly restarted the running of the thirty day period in § 1446(b).* State Farm, therefore, timely filed its removal petition.

817 F.2d at 1069 (emphasis added). The Court is persuaded by the reasoning and holding of Manze. There, as here, the plaintiff's initial state-court action was dismissed by the court. There, as here, the plaintiff filed a second petition in state court raising the same claims and seeking the same relief as the original state-court action. There, the court treated the second petition as a "new action" and held that it restarted State Farm's removal clock; here, the same result should obtain.[6]

The Court's conclusion that the Minnesota action and the Illinois action are separate and that Defendants' removal was timely is buttressed by the purposes behind

---

[6] Defendants cite Price v. Wyeth Holdings Corp., 505 F.3d 624 (7th Cir. 2007), to argue that the Minnesota action is a "new action" that restarted the removal clock. (Mem. in Opp'n at 7-9.) The Court does not find Price particularly instructive, because there the original action was *voluntarily* dismissed by the plaintiff, and "[o]nce a suit is voluntarily dismissed[,] the situation is just as though the suit ha[d] never been filed." Id. at 629. In other words, it is as though the removal clock never began ticking. See also Price v. Food Lion, Inc., 768 F. Supp. 181, 182-83 (E.D. Va. 1991) (denying motion to remand where plaintiff voluntarily dismissed state-court action and then re-filed action in state court, which defendant then removed); Chott v. Cal Gas Corp., 746 F. Supp. 1377, 1378 (E.D. Mo. 1990) (same).

the one-year time limit in Section 1446(b). When that limitation was added to the removal statute in 1988 as part of the Judicial Improvements and Access to Justice Act, Congress explained that it was designed to "reduce[e] the opportunity for removal *after substantial progress has been made in state court*." Scollard v. Rocky Mountain Holding Co., No. 4:06CV3196, 2007 WL 570303, at *2 (D. Neb. Feb. 14, 2007) (emphasis added) (quoting H.R. Rep. No. 100-889, at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33); accord Serv. Asset Mgmt. Co. v. Hibernia Corp., 80 F. Supp. 2d 626, 629 (E.D. Tex. 2000) (in adding the one-year limit, "Congress emphasized its intent to prohibit removal when substantial progress has already been made on a case"). Here, no substantial progress was made before the Illinois action was dismissed on *forum non conveniens* grounds; Berbig's counsel conceded at oral argument that little discovery had occurred and that Defendants had done only the "minimal things necessary to raise a defense in Illinois." Moreover, the one-year limit in Section 1446(b) was intended "to remedy the anomalous situation where *a change in the parties* late in the litigation allows a party to remove for the first time." Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 615 (3rd Cir. 2003) (citation omitted). No change in parties has occurred here.

For these reasons, the Court rejects Berbig's argument that the Illinois action and the Minnesota action are one and the same and that Defendants flouted the one-year deadline for removal. Even if Berbig were correct in that argument, however, the Court would nevertheless deny remand for equitable reasons. At oral argument, Defendants' counsel asserted that Berbig had engaged in forum shopping and that the Illinois action was a thinly veiled attempt to prevent Defendants from removing to federal court.

Berbig's counsel was unable to offer any persuasive response to that allegation. And, as noted above (see note 4, supra), the assertion that forum shopping was afoot gains some traction here given that all of the relevant facts underlying Berbig's claims arose in Minnesota. As one court has stated, "[l]itigation is not intended to be a game of chess. Congress did not intend plaintiffs, through gimmicks and artful maneuvering used in connection with the one year bar to removal, to straightjacket or deprive nonresident defendants of their legitimate entitlements to removal." Saunders v. Wire Rope Corp., 777 F. Supp. 1281, 1284 (E.D. Va. 1991).[7]

Berbig also raises several other arguments in support of his Motion, but none is persuasive. He contends that the Notice of Removal was defective because Defendants failed to attach thereto any of the pleadings or other papers filed in the Illinois action. (Pl. Mem. at 6-7.)[8] Removing defendants must attach to their notice of removal "a copy of all process, pleadings, and other orders served upon such . . . defendants *in such*

---

[7] At the hearing, Berbig's counsel argued that the one-year limitation is a hard-and-fast rule and that "no cases" support allowing an equitable exception to that rule. This argument is meritless. The Eighth Circuit has repeatedly held that procedural removal requirements, such as the one-year limitation in Section 1446(b), are not jurisdictional, e.g., Koehnen v. Herald Fire Ins. Co., 89 F.3d 525, 528 (8th Cir. 1996); Fin. Timing Publ'ns, Inc. v. Compugraphic Corp., 893 F.2d 936, 940 (8th Cir. 1990), and "courts are allowed to take equitable exceptions to procedural bars," Namey v. Malcolm, 534 F. Supp. 2d 494, 498 (M.D. Pa. 2008). Accordingly, "Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." Tedford v. Warner-Lambert Co., 327 F.3d 423, 426 (5th Cir. 2003); accord In re Rezulin Prods. Liab. Litig., No. 02 Civ. 6827, 2003 WL 21355201, at *2 (S.D.N.Y. June 4, 2003); Barnett v. Sylacauga Autoplex, 973 F. Supp. 1358, 1367 (N.D. Ala. 1997); Leslie v. BancTec Serv. Corp., 928 F. Supp. 341, 347 (S.D.N.Y. 1996); Kite v. Richard Wolf Med. Instruments Corp., 761 F. Supp. 597, 600 (S.D. Ind. 1989).

[8] He also suggests that Defendants violated Rule 11 by failing to attach papers from the Illinois action, in an attempt to "mislead the court into believing that the Minnesota state court complaint was the 'initial pleading'" in this case. (Pl. Mem. at 7.)

*action*." 28 U.S.C. § 1446(a) (emphasis added). Here, the Court has already concluded that "such action" – *i.e.*, the *removed* action – is the Minnesota case, not the Illinois case. Accordingly, Defendants were not required to attach to their Notice of Removal any of the pleadings or other papers served in that case.[9]

Berbig next argues that Defendants waived their right to removal by filing a jury demand in the Illinois action, thereby "indicat[ing] an intention to fight the case at the state court level." (Pl. Mem. at 8-9.) Yet, filing a jury demand is not the type of affirmative conduct the Eighth Circuit has held sufficient to waive a defendant's right to a federal forum. See Ward v. Resolution Trust Corp., 972 F.2d 196, 198 (8th Cir. 1992) (no waiver where defendant's state-court motion did not request ruling on the merits); see also Acosta v. Direct Merchants Bank, 207 F. Supp. 2d 1129, 1131 (S.D. Cal. 2002) ("It is well-settled that merely filing a responsive pleading does not invoke the state court's jurisdiction so as to constitute a waiver of the right to remove."). Nor can the jury demand fairly be considered an abandonment of federal jurisdiction because, at the time the demand was filed, the Illinois action was not removable. If anything, Defendants' motion to dismiss the Illinois action on *forum non conveniens* grounds indicates their intention *not* to fight the case in Illinois state court.

Finally, Berbig argues that the "voluntary-involuntary" rule bars Defendants' removal. That rule, developed by the Supreme Court in Powers v. Chesapeake & Ohio

---

[9] In any event, "a failure to comply with the requirements of [Section 1446(a)] ordinarily is not grounds to deny removal." Disher v. Citigroup Global Mkts., Inc., 487 F. Supp. 2d 1009, 1015 n.4 (S.D. Ill. 2007); accord Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 (11th Cir. 1985); Yellow Transp., Inc. v. Apex Digital, Inc., 406 F. Supp. 2d 1213, 1215-19 (D. Kan. 2005).

11

Railway Co., 169 U.S. 92, 99-101 (1898), and Whitcomb v. Smithson, 175 U.S. 635, 638 (1900),

> establishes a bright line test for evaluating removability. If the dismissal of a defendant in state court creates complete diversity between all parties so that the case may be removed to federal court, the propriety of removal is determined according to whether the dismissal was voluntary or involuntary with respect to the plaintiff. In other words, if the plaintiff voluntarily dismisses the non-diverse defendant, the case may be removed. Removal is improper, however, if the dismissal of that resident defendant was involuntary.

In re Iowa Mfg. Co. of Cedar Rapids, Iowa, 747 F.2d 462, 463 (8th Cir. 1984). According to Berbig, this case became removable only once the Illinois action was dismissed and was "re-filed" in Minnesota. Because the dismissal of the Illinois action was involuntary, Berbig asserts that the "voluntary-involuntary" rule precludes removal here. (Reply at 7-8.)[10]

Although creative, this argument fails. The "voluntary-involuntary" rule applies when a non-diverse defendant is dismissed and only diverse defendants remain in a case, thereby transforming an unremovable action into a removable one. See, e.g., In re Iowa Mfg., 747 F.2d at 463 ("*If the dismissal of a defendant in state court creates complete diversity between all parties* so that the case may be removed to federal court, the propriety of removal is determined according to whether the dismissal was voluntary or involuntary with respect to the plaintiff.") (emphasis added); Lidgerwood Pub. Sch. v.

---

[10] Berbig raised this "voluntary-involuntary" argument for the first time in his Reply brief. Generally, the Court does not consider arguments raised for the first time in a Reply. E.g., Black v. Indep. Sch. Dist. No. 316, 476 F. Supp. 2d 1115, 1121 n.6 (D. Minn. 2007) (Kyle, J.). Nevertheless, the Court will consider this argument here because Defendants filed a Surreply addressing it in advance of the Court hearing oral argument on July 21, 2008.

12

Cole Papers, Inc. of Fargo, N.D., No. A3-02-136, 2003 WL 288469, at *2-3 (D.N.D. Feb. 7, 2003).  Berbig has failed to cite any case applying the "voluntary-involuntary" rule under facts similar to those at issue here – that is, where an action is dismissed *in its entirety* and then re-filed in another court.  Moreover, the Eighth Circuit has succinctly summarized the rule as follows:  "an involuntary dismissal cannot change a previously unremovable *case* into a removable one."  In re Iowa Mfg., 747 F.2d at 463 (emphasis added).  Hence, it applies only when *one case* changes from unremovable to removable.  For the reasons set forth above, the rule cannot apply here because the Illinois action and the Minnesota action *are two separate and distinct cases*.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. No. 5) is **DENIED**.

Date:  July 25, 2008

                                              s/Richard H. Kyle
                                              RICHARD H. KYLE
                                              United States District Judge